McKinney, J.,
delivered the opinion of the Court.
This was an action of covenant, brought against Kelly alone, as the surety to an injunction bond. Yerdict and judgment were for the plaintiff.
In August, 1852, A. Bradshaw and Robert Campbell, jointly, filed an injunction bill against Gordon, the administrator of the estate of William Bradshaw, deceased, and the other distributees of said estate, to enjoin a judgment for $1894.92, obtained against them by Gordon, as administrator.
The facts appear to be, that A. Bradshaw, who was one of the distributees of said estate — purchased property at the administrator’s sale ; and executed his note, with Campbell as surety, for the amount of his purchase. The note was not paid at maturity, and judgment was taken thereon. The bill was filed by A. Bradshaw and Campbell, to have an account of the administration, and an adjustment of the rights and equities of the several distributees, upon the assumption, that on a final settlement, there would be found due to- A. Bradshaw, an amount sufficient to extinguish the judgment in favor of the administrator against him and Campbell.
This bill was delayed in various ways, until December, 1857> when it was brought to a final hearing ; and by the decree, the injunction was made perpetual, except for the sum of $1188.72.
During the pendency of the suit, and more than two years before the commencement of the present action — which was instituted onthelOthof August, 1858 — Robert Campbell died; and no step having been taken on either side, to revive the suit against his personal representative, the cause proceeded in the name of A. Bradshaw alone, to a final hearing j and a decree was pronounced against him alone for said sum of $1138.72.
Said Bradshaw being insolvent, as is alleged, this suit is brought to recover the amount of said decree from Kelly, as surety to the injunction bond.
*685 The ground of defence is, that the failure to pursue the personal representative of Campbell, was a discharge of the surety. The argument is not without plausibility, that the injunction bond being for the benefit of the defendants ; and the undertaking of the surety, being on the faith of the responsibility of both the principals in the bond ; the neglect of the defendants to revive the suit against Campbell’s representative, was prejudicial to the surety, because the hazard of personal liability and loss, on his part, was not only thereby increased, but the chances of indemnity were, in the same proportion, diminished. But we cannot assent to the correctness of this reasoning.
We have bepn referred to no case in point. The case of Harris v. Taylor, 3 Sneed, 536, 541, is very different. In that case, the plaintiff voluntarily entered a nolle prosequi as to one of the defendants, in an action of replevin. And it was held, that as the undertaking of the sureties, was for the defendants jointly^, the discharge of one of the defendants, by the voluntary act of the plaintiff, operated as a discharge of the sureties to the replevin bond.
But we think it clear, that the omission of the defendants to revive the suit against Campbell’s personal representative, cannot be treated as equivalent to a voluntary discharge, by the defendants, of Campbell’s legal lability.
It is certainly true, that any act on the part of the defendants, amounting to a voluntary release or relinquishment of the legal liability of either party, would have had the effect of discharging the surety to the injunction bond. But nothing of the sort was done. The defendants might for their greater security, have revivedt he suit against Campbell’s representative ; but we are not aware that the law imposed any active duty or obligation upon them to do so. All that can be said is, that they omitted to do what they might have done, but were not required as a legal duty, to do.
We have found no principle, nor adjudicated case, which' makes such an omission, or passive neglect, a ground for re *686 lieving a surety from the liability imposed upon him by law. On principle, it would seem, that it can form no ground of discharge. The undertaking of the surety, in such a case, must be regarded in law, as for both principals, severally, as well ns jointly : That is, the surety is bound, in effect, that each and all of his principals shall perform and fulfill whatever decree may be rendered in the cause a,gainst all, or either of them. If this be so, it follows, that the abatement of a suit in equity, as to one of several joint plaintiffs, by the neglect of both parties to revive ; or the discharge of one, upon some ground applicable to him alone, cannot affect the liability of the surety for the surviving party or parties, against whom a final decree may have been properly rendered.
The act of 1789, limiting the time for bringing suits against the representatives of deceased persons, has no application to this case. The representative of Campbell's estate, is not a party to this suit; and the plaintiff in error, as Campbell’s surety,has nothing to do, at present, with the question, whether or not his estate is protected by the act of 1789. If the fact were so, it would constitute no defence for the surety. It is well settled, however, by the course of decision in this State, that, as between the plaintiff in error and Campbell’s representative, the right of action of the former, as surety, for reimbursement, arises upon his being compelled to pay the money for the principal.
Judgment affirmed.